IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,          §
                                   §
                   Plaintiff,      §
                                   § Criminal No. 3:09-CR-172-D (02)
VS.                                §
                                   §
                                   §
JERMAINE MARSAW,                   §
                                   §
                   Defendant.      §

MEMORANDUM OPINION
AND ORDER

Defendant Jermaine Marsaw's ("Marsaw's") October 9, 2009 motion for relief from discovery violations is granted to the extent set out in this memorandum opinion and order and is otherwise denied.

I

Marsaw and two codefendants are charged in a two-count indictment with the offense of conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(l)(B).[1]  The court originally set Marsaw's trial for October 19, 2009.  Marsaw filed an unopposed motion for continuance on September 10, 2009, and the court reset the trial to November 16, 2009.  On October 13, 2009 codefendant Rogers Griffin ("Griffin") moved for a trial continuance, and on October 23, 2009 the court set the trial of codefendant Derrick Young ("Young") for

_____

[1]The indictment also contains a forfeiture count.

December 21, 2009.  In an order filed October 23, 2009, the court granted Griffin's motion for a continuance, and it also reset Marsaw's trial to December 21, 2009 based on the trial setting for Young.[2]  The trial of all three defendants is now set for December 21, 2009.[3]

Marsaw filed on October 9, 2009 a motion for speedy trial and relief from discovery violations.  In the court's October 23, 2009 order, it addressed Marsaw's motion for speedy trial, but it did not address his complaints about discovery or his requests for relief based on the government's alleged discovery violations.  The court now considers the remaining components of his motion.

According to Marsaw, after the government provided initial discovery, his counsel requested by discovery letter that the government comply with its obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act.  Due to their importance to

_____

[2]The court continued Marsaw's trial under 18 U.S.C. § 3161(h)(6), which excludes from the 70-day speedy trial clock "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

[3]In Marsaw's September 10, 2009 unopposed motion for continuance, his counsel noted that the Federal Public Defender had represented codefendant Young in a prior case, and until Young's counsel made an appearance in the present case, Marsaw's counsel would have no one to contact to determine whether Young objected to the Federal Public Defender's representing Marsaw.  D. Marsaw Mot. Cont. 1-2.  Young's counsel was appointed on October 9, 2009.  The December 21, 2009 trial setting could be affected if the matter of Marsaw's representation has not been promptly resolved.

Marsaw, the letter specifically requested five categories of disclosures, although Marsaw viewed these items as falling within the government's broader disclosure obligations: (1) "[a]ny audio or video of the incident"; (2) "[a]ny scientific and/or forensic test results"; (3) "[a]ny reports/synopsis of investigation, reports of interview, and associated surveillance of anyone else related to this case"; (4) "[a] copy of any cellular or mobile telephone records that the government or law enforcement has obtained"; and (5) "[t]he opportunity to physically review and photograph the evidence in this case." D. Mot. Ex. A at 4-5 (September 16, 2009 discovery letter).

According to the government's October 13, 2009 response to Marsaw's motion, the government has now provided additional discovery. The government states that, "[b]ecause of the specificity of the defense request, the government was unable to answer the defense's discovery request until it completed its investigation." P. Resp. 3. Responding to Marsaw's specific requests, the government states the following: (1) there is no audio or video recording of the traffic stop; (2) palm prints were recovered from some items of evidence, but Marsaw's palm prints are not on record and thus no comparison has yet been made; (3) the government has disclosed a detailed report about the investigation that led to Marsaw's arrest; and (4) the government has no relevant cell phone or telephone records to disclose. Furthermore, the

government has informed Marsaw that the physical evidence will be available for inspection.

II

Marsaw maintains that the government has delayed and been unresponsive to several discovery requests and has therefore failed to comply with its disclosure obligations under Rule 16, Fed. R. Evid. 404(b), *Brady*, and *Giglio*.  He contends that the government's disclosures are controlling factors in a number of important aspects of his case, such as the direction of his independent investigation, which pretrial motions to file, whether he testifies, and his trial strategy.  And he posits that, because any subsequent disclosures would come too close to the (now continued) trial date of November 16, 2009, a court order that merely compels the government to comply with its discovery obligations "would be too late to benefit the defense under the present deadlines."  D. Mot. 8.  Marsaw therefore argues that the only adequate remedy is to "prohibit the government from offering any presently undisclosed Rule 16 evidence including [physical evidence and forensic test results]."  *Id.* at 10.

The court declines to grant Marsaw the relief he requests. Marsaw acknowledges in his motion that the government provided him "initial discovery" "[v]ery early in this case."  *Id.* at 4.  And he notes that the government supplied additional information (although he complains about the timing) and confirmed the nonexistence of

other information during an October 5, 2009 telephone conversation with counsel.  It appears that the government's October 13, 2009 discovery response addresses most, if not all, of Marsaw's specific concerns——at least the ones that Marsaw considered most significant when he filed his motion on October 9, 2009.  The continuance of the trial until December 21, 2009——a date more than 60 days following the government's October 13 disclosures——removes any apparent risk of unfair prejudice from the government's failure to provide this discovery earlier.  Marsaw still has ample time to conduct an independent investigation, decide whether to testify, and finalize trial strategy.  And because the trial has been continued, the court can, if necessary, continue the pretrial motion deadline to enable Marsaw to file motions that appear warranted based on newly-available discovery.  Consequently, any potential prejudice due to the timing of the government's additional, subsequent disclosures has been or can be adequately remedied.  To ensure that Marsaw is not unfairly prejudiced by the timing of any disclosures that are hereafter made, the court will also require that the government disclose to Marsaw by November 13, 2009 all discovery that it has yet to disclose and that is covered by a provision of Rule 16, Rule 404(b), *Brady*, and/or *Giglio*. Suppression of the evidence in question is therefore unwarranted.

* * *

Accordingly, for the reasons explained, Marsaw's October 9, 2009 motion for relief from discovery violations is granted to the extent set out in this memorandum opinion and order (i.e., the requirement that the government make any remaining disclosures no later than November 13, 2009) and is otherwise denied.

**SO ORDERED.**

October 28, 2009.

 

 

_____

SIDNEY A. FITZWATER
CHIEF JUDGE